FILED & ENTERED

JUL 02 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Tammie Larae Bowser,<br><br>Debtor(s) | Case No.: 2:25-bk-21068-NB<br><br>Chapter: 7<br><br>**ORDER DIRECTING TAMMIE LARAE BOWSER TO APPEAR IN PERSON TO TESTIFY REGARDING APPARENT VIOLATION OF RULE 9011(b), AND MEANWHILE (B) GRANTING EXTENSIONS OF TIME FOR OTHER PARTIES TO RESPOND TO ANY PAPERS FILED BY THAT LITIGANT**<br><br>OSC Hearing:<br>Date: July 28, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

At the time and place set forth above, Tammie Larae Bowser ("Litigant") is directed to appear *in person* to *testify under oath* and show cause (a) why Litigant's requests for relief should not be denied, overruled, or stricken, and (b) why this Court

should not order other remedies, for apparent violation of Rule 9011(b).[1] This Court's tentative ruling is that (i) Litigant has shown a pattern of violating Rule 9011(b); (ii) monetary sanctions alone are unlikely to be effective; and (iii) the only effective remedy against an ongoing barrage of abusive papers is to grant a temporary extension of time to respond to the *current* Papers (defined below) and an automatic, temporary extension of time to respond to all *future* papers. These extensions would last only until this Court can assess whether those papers continue Litigant's apparent pattern of violating Rule 9011(b).

**1. DEFECTS IN PAPERS PRESENTED BY LITIGANT**

This form order is being issued in response to papers (including but not limited to dkt. 88, 100, 109, 115, 120, 128, 142, 143, 158, 166 and 167, the "Papers") that include apparent violations of Rule 9011(b). It is difficult to keep up with the barrage of papers filed by Debtor, so the Papers include any papers filed by Litigant before this matter can be heard.

This Court has issued multiple orders explaining the defects in Debtor's Papers and emphasizing that Debtor is responsible for doing her own due diligence, including verifying the accuracy of legal citations and providing accurate citations to specific evidence.

This Court's June 3, 2026 order (dkt. 144) provides as follows in pertinent part:

> As this Court previously has explained, it is not impermissible to use artificial intelligence ("AI") or other tools to attempt to navigate the legal system, but it is dangerous. AI is notorious for hallucinations, and the internet is notorious for misinformation. Ultimately it is Debtor who is responsible for verifying the accuracy of legal citations, providing quotations from cases and citations to specific evidence, and otherwise doing her own due diligence rather than shifting the burden to other parties and this Court to attempt to unravel and address

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, the parties' filed papers, and any prior orders or written decisions of this Court.

> Debtor's frequently misguided legal and factual assertions. [Order (dkt. 144) at PDF p. 4:2-9)]

This Court's June 11, 2026 order (dkt. 156) provides as follows in pertinent part: "As this Court previously has cautioned, any briefs must quote from cases and evidence and explicitly explain how they are relevant – Debtor cannot shift the burden to other parties to attempt to discern her arguments and evidence." Dkt. 156 at pdf p. 2:11-14.

On June 26, 2026, this Court entered an order that provides as follows in pertinent part:

> This Court has thoroughly reviewed Debtor's papers and is persuaded that they fail to cite, quote from, and reference relevant and persuasive legal authority or evidence, and they lack any merit, including a lack of any specific objection to Claimant's comprehensive accounting . . . it is inappropriate for Debtor to shift the burden to other parties and this Court to attempt to figure out the legal and factual grounds for her objections, and whether any authority or evidence supports her arguments. [Order (dkt. 174) at PDF p. 3:3-11]

The Papers reflect a long-standing and continuing failure by Debtor to verify the accuracy of legal citations and provide accurate citations to specific evidence. Concurrent with the issuance of this Order, this Court is issuing orders denying Debtor's motions for sanctions against ZBS Law, LLP (dkt. 167) and against Nemovi Law Group, APC (dkt. 169). Those orders explain additional defects in the Papers.

The foregoing is not intended to be a complete list.[2]

**2. RULE 9011(b)**

Rule 9011(b) provides that, by "presenting" the Papers – whether by "signing, filing, submitting, [] later advocating [for]" or being "responsible" for them – Litigant has certified that, to the best of Litigant's "knowledge, information, and belief *formed after an inquiry reasonable under the circumstances*" (emphasis added), that:

(x) the Papers have not been "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs";

[2] The Papers have not been withdrawn as of the preparation of this Order. Any future withdrawal of the Papers will not moot this Order.

(y) the Papers' claims, defenses, and other legal contentions are "warranted by existing law," or "by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law"; and

(z) the Papers include only allegations, denials, and/or factual contentions that are warranted based on the evidence, or that have been "specifically" identified as relying on information or belief that is "reasonable." [*See* Rule 9011(b).]

Note that even if some factual assertions and/or legal arguments in the Papers satisfy Rule 9011(b), that does not insulate other violations of the rule from being sanctionable. *See, e.g., Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1061-62 (9th Cir. 2007) (affirming sanctions despite suits that "were probably meritorious in part," and also noting that "a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false.").

**3. HARM CAUSED BY THE PAPERS**

**a. It is no excuse for violating Rule 9011 if Litigant used "artificial intelligence" or other tools**

Based on the defects in Litigant's Papers referenced above, those Papers might have been generated by (i) "artificial intelligence" ("AI"), (ii) forms from the internet, (iii) a paralegal or other unqualified person, or (iv) similar tools. This Court takes judicial notice of a vast increase in the use of such tools. *See, e.g., In re Luna* (Bankr. C.D. Cal., Case No. 2:25-bk-13083-NB, dkt. 39, p. 4:1-14) (papers included litigant's own query to AI, and AI's response).

If any such tools were used by Litigant, that is no excuse. A person presenting papers to this Court may not blindly follow "advice" from AI, a paralegal, etc., or otherwise fail to exercise due diligence. Nor may any such person generate papers for improper purposes, such to harass, cause unnecessary delay, or needlessly increase litigation costs.

**b. Unfair burdens**

Whether or not AI or similar tools were used by Litigant, the Papers appear to violate Rule 9011(b). In this Court's experience, abusive papers often impose unfair burdens on responding parties and this Court because (i) as soon as one set of papers is addressed, another set is presented; (ii) parties often have a "Hobson's choice" to spend a lot of time and money either (A) to pursue sanctions that are likely to be ineffective (*e.g.,* uncollectible monetary sanctions) or (B) to continue responding to a seemingly endless stream of meritless papers; and (iii) it can take minutes for persons who engage in abusive tactics to generate meritless papers – by using AI and similar tools, or simply by copying and pasting from other meritless papers – and hours for responding parties to demonstrate, issue by issue and fact by fact, why those papers are meritless. *See, e.g., El Ameen Bey v. Stumpf,* 825 F.Supp.2d 537, 543 (2011) ("pages of homemade quasi-documents," "heavily laden" with "riddle-like … argot").

**c. Harms specific to bankruptcy cases**

The foregoing harms can be multiplied in bankruptcy cases because every bankruptcy judge presides over hundreds if not thousands of cases at any given time, and the bankruptcy system depends on the fact that the vast majority of matters should be administered by trustees and other persons ***without briefing and without court involvement***. For example, so-called "scream-or-die" motions (aka "negative notice" motions) are expressly authorized by the Bankruptcy Code precisely to avoid the needless expense and delay of extensive briefing and hearings on every matter. *See* § 102(1). Even when motions are set for hearing, many are unopposed (*e.g.,* many motions under § 362(d) and applications under §§ 330 and 331). But AI and other tools make it almost effortless for unscrupulous litigants to weaponize this flexible bankruptcy system by requiring extensive responses for matters that should not require any briefing or hearing at all.

## 4. POSSIBLE REMEDIES

### a. Sanctions generally

This Court has the authority, on its own motion, to order parties and/or their attorneys[3] to appear and show cause why they should not be sanctioned. *See* § 105(a) *and* Rule 9011(c)(3). Any sanctions "must be limited to what suffices to deter repetition of the conduct or deter comparable conduct by others similarly situated." Rule 9011(c)(4)(A). Sanctions may include (x) nonmonetary directives, such as directing that any requests for or against relief in the offending papers be denied, overruled, or stricken (*see generally, e.g., N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145 (9th Cir. 1997)), or (y) monetary sanctions, provided that *any monetary sanctions payable under this Order will be payable only to this Court*. *See* Rule 9011(c)(4)(A)(ii) & (iii).[4]

### b. Possible "vexatious litigant" order

One possible sanction is a "vexatious litigant" order that would bar Litigant from filing papers unless and until Litigant obtains leave from this Court to do so (also known as a "pre-filing" or "gatekeeper" order). But there are at least two serious problems with such orders.

First, such orders (for good reasons) can only be imposed after a substantial pattern of abuse, and meanwhile there is a need for interim measures to alleviate the unequal burdens described above. *See Molski*, 500 F.3d 1047, 1056-65 (affirming pre-filing order), *and compare In re Koshkalda*, 622 B.R. 749, 768-69 (9th Cir. BAP 2020) (reversing as to scope of pre-filing order).

---

[3] *See, e.g., Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys").

[4] Nothing in this Order should be deemed to preclude any party in interest from filing its own papers seeking appropriate remedies – including reimbursement of attorney fees and expenses if allowable – under Rule 9011(c)(2) or any other applicable authority. All rights are reserved, and this Court is neither encouraging nor discouraging any such motions or applications.

In the interests of transparency and assuring a "level playing field," this Court advises Litigant and all other parties in interest that a "Sanctions Table" is available at www.cacb.uscourts.gov (under Judges > Our Judges > Bason, N. > Instructions/Procedures > Sanctions Table). As stated in the Sanctions Table, it is only an aid, not a substitute, for parties' own research.

Second, a vexatious litigant order does not really address the underlying problem. Even with such an order in place, this Court and its staff still have to spend substantial time evaluating every paper; and this Court might not have sufficient knowledge of the facts and circumstances to evaluate Litigant's papers without responses from other parties.

**c. Extensions of time (not a sanction)**

An interim measure is for this Court to grant extensions of time for parties in interest to respond to Litigant's papers until a hearing at which this Court can determine whether further briefing is necessary or appropriate. In this Court's view, such extensions are not sanctions: they merely preserve the *status quo* until this Court can make a preliminary evaluation, without the delay and expense of fully briefing every issue, whether Rule 9011(b) has been violated. *See, e.g., In re Bellucci,* 119 B.R. 763, 770 (Bankr. ED Cal. 1990) ("basic attribute" of any court is discretion to control its own docket, "including controlling the timing of proceedings on that docket") (citations omitted). Indeed, this Court has the duty to grant such extensions of time if that is necessary or appropriate to "secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001(a).

**d. Other possible remedies; all rights reserved to seek additional procedures**

This Court can determine at the above-captioned hearing whether to make immediate oral rulings, continue the hearing, or establish other procedures, and what remedies including sanctions are appropriate. *See, e.g., Molski*, 500 F.3d 1047, 1065 n.8 (trial courts have "broad discretion in fashioning sanctions") (citations omitted); *Koshkalda*, 622 B.R. 749, 759 & n. 5 (finding no error with 10-page brief limit); *and see also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118, 1120 (9th Cir. 2000) (due process requires notice and opportunity to be heard regarding sanctions, but that opportunity can be via briefing rather than oral argument and/or evidentiary hearing).

**5. CONCLUSION**

For the foregoing reasons, and pursuant to Rule 9011(c)(3), it is hereby ORDERED:

a. **Extension of time for all other parties in interest to respond to the *current* Papers.** Because the Papers appear to violate Rule 9011(b), all parties in interest are hereby granted an extension of time to file and serve any response to any pending requests in the Papers for or against any relief (including any supplement or amendment presented by Litigant or any other person before the above-captioned hearing) unless and until this Court sets a new deadline for such written responses. To be clear, all parties in interest will have the *option* to respond to the Papers, but they will not be *required* to respond in writing unless and until this Court sets a new deadline.

b. **No briefing in response to this Order.** To save all persons from expending time and money, no briefing is invited or permitted in response to this Order. Rather, this Court will take testimony at the above-captioned hearing (see below) and all rights are reserved for Litigant and other parties in interest to address whether any briefing is necessary or appropriate.

c. **Testimony required.** Litigant is directed to *appear in person (not via video or telephone)* at the above-captioned hearing and *testify under oath* to address (i) whether the Papers (including any supplement or amendment) violate Rule 9011(b), (ii) why this Court should not deny, overrule, or strike Litigant's pending requests for or against any relief, and (iii) why this Court should not impose any additional remedies as set forth in the next paragraph of this order, below. For example, Litigant may be required to testify under oath why any cases cited in the Papers and any factual allegations in the Papers support their requests for or against any relief, so as to demonstrate that those cases were actually read and considered, and that the facts were properly investigated and verified. If Litigant requests a continuance, further briefing, or any other additional procedures, the testimony must show good cause for

such additional procedures, and must show that such requests are not being presented to impose additional delay or undue litigation expense, or for other improper purposes. If Litigant fails to appear in person, or fails to testify under oath, this Court may rule that Litigant has waived or forfeited any legal or factual opposition to the types of remedies described in this Order.

**d. Tentative rulings.** The tentative ruling for the above-captioned hearing is that the Papers raise sufficient concerns about possible violations of Rule 9011(b) for this Court to address the following issues:

i. Rule 9011 assessment. This Court will consider whether Litigant has violated Rule 9011(b) by presenting the Papers.

ii. Possible monetary sanctions. This Court will consider whether to order the payment of monetary sanctions to this Court, within 14 days, in a dollar amount equal to not less than $100.00 per hour nor more than $500.00 per hour multiplied by the number of hours spent by chambers staff in addressing the Papers.

iii. Possible automatic extension of time to respond to any *future* papers filed by Litigant. This Court will consider issuing an order granting a general, temporary extension of time for parties in interest to respond to *future* papers filed by Litigant, until this Court can determine, at whatever hearing is associated with those future papers, whether any such future papers filed by Litigant are a continuation of any demonstrated pattern of violating Rule 9011(b) (provided that any such extension would only apply to matters for which extensions are permitted under Rule 9006(b) or other applicable Rules). At any such future hearing, Litigant would be required to testify regarding (A) whether Litigant has recognized their past violations of Rule 9011(b) and (B) whether Litigant has

conducted the due diligence required by Rule 9011(b) as to such future papers.

iv. Possible vexatious litigant order. This Court will consider issuing a vexatious litigant order (barring Litigant from filing papers in this bankruptcy case and any associated adversary proceedings without leave of this Court).

v. Possible criminal referrals. This Court will consider referring for criminal prosecution any persons who appear to be conspiring to abuse the bankruptcy system, which may include any paralegals or other persons and could include Litigant if the evidence before this Court were to warrant such a referral.

vi. Other remedies. This Court will consider imposing whatever other remedies are appropriate based on: Litigant's arguments and Due Diligence Testimony (or lack thereof), any arguments or evidence presented at the above-captioned hearing by all persons with standing to respond to the Papers or otherwise entitled to be heard (*e.g.,* the United States Trustee), and this Court's own analysis of the Papers and any other filed papers and records in this bankruptcy case and in any related bankruptcy cases and proceedings (including all contested matters and adversary proceedings).

///

**<u>Notice to all parties in interest</u>.** The Clerk of this Court is requested and directed to serve a copy of this Order on the full Creditor Matrix.

###

Date: July 2, 2026

Neil W. Bason
United States Bankruptcy Judge