FILED
JUL 13 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY:
TAMMIE LARAE BOWSER
PO BOX 3583
SOUTH PASADENA, CALIFORNIA 91030
TELEPHONE NO.: 626-466-2520
EMAIL: TAMMIE@HOWTOSEWART.COM
DEBTOR IN PROPRIA PERSONA

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

In re: TAMMIE LARAE BOWSER,

Debtor.

Case No. 2:25-bk-21068-NB
Chapter 7
Judge: Hon. Neil W. Bason

## IRREBUTTABLE REFUTAL TO THE COURT'S ORDER DENYING OBJECTION TO PROOF OF CLAIM NO. 3-1

## AND CHALLENGE TO TRUSTEE'S ATTEMPT TO SELL EXEMPT HOMESTEAD PROPERTY DEMAND FOR EVIDENTIARY HEARING AS A MATTER OF RIGHT

### PRELIMINARY STATEMENT — WHAT THE LAW REQUIRES AND WHAT THE COURT'S ORDER IGNORES

This is not a rebuttal. A rebuttal suggests an argument that can be overcome. This is an irrebuttable refutal. The law speaks in one direction. The Court's order speaks in another. The law controls.

The Court's Order states that my objections "lack sufficient citation to any authority and/or are unpersuasive." Dkt. 174 at 2. The Order states that I "cannot shift the burden to other parties to attempt to discern her arguments and evidence." Dkt. 156 at 2.

These statements are legally wrong. The burden is never on me when the party asserting the claim has failed to prove standing. Standing is jurisdictional. Jurisdiction is never waived. A court that acts without jurisdiction acts without authority. Every order entered without jurisdiction is void.

The Court's Order ignores four fundamental legal realities that operate independently of any argument I make. Each of these four points is dispositive. Each stands alone. Together they form an irrebuttable chain:

**First: The Property is a single parcel under a single Assessor's Parcel Number. The County does not recognize two separate lots. The Trustee cannot split what the law treats as one. The homestead exemption protects the entire parcel — not one structure on it.**

**Second: The fresh start policy under the Bankruptcy Reform Act of 1978 prohibits the forced sale of a primary residence to satisfy creditor claims. This is not a policy preference. It is the statutory purpose of the bankruptcy system. The Supreme Court has stated it in unambiguous terms for over 90 years.**

**Third: The creditors have not proven standing. Standing was properly challenged on the record. When standing is challenged, the burden shifts to the claimant to prove standing. Without standing, there is no case or controversy. Without a case or controversy, there is no jurisdiction. Without jurisdiction, no order of this Court has force.**

**Fourth: Bona fide disputes of material fact exist. The 1099-C discharge reported by Chase. The derecognition of the note under ASC 860. The inclearings satisfaction at par. The chain of title defects. Each of these is a genuine dispute. Each requires an evidentiary hearing as a matter of right.**

## I. THE PROPERTY IS ONE PARCEL — TWO STRUCTURES DO NOT CREATE TWO PROPERTIES

The Property at 704 Fairview Avenue, South Pasadena, California 91030, bears a single Assessor's Parcel Number: 5315-010-038. The Los Angeles County Assessor's Office treats it as one parcel. One tax bill. One assessment. One legal description. One property.

The presence of two structures on one lot does not create two separate properties as a matter of law. It creates one property with two improvements. The Trustee's characterization of the second structure as a separate asset available for liquidation is a legal error. The Trustee cannot unilaterally subdivide what the County has not subdivided. The Trustee cannot treat as separate what the taxing authority treats as one.

Under California law, the homestead exemption attaches to the dwelling in which the judgment debtor resides. California Code of Civil Procedure § 704.710(c) defines "homestead" as "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." This definition does not exclude accessory dwelling units, secondary structures, or improvements on the same parcel. It protects the dwelling — the place where the debtor lives. Debtor recorded Homestead Declaration on the county records September 25, 2025. **Exhibit A.**

The California homestead exemption protects the entire property interest. Under CCP § 704.730(a), the homestead exemption applies to "the amount of the homestead exemption." The exemption amount is $722,507 in Los Angeles County as of December 9, 2025. CCP §

704.730(a)(1)-(3). The exemption is not limited to one structure. It applies to the debtor's interest in the property. One parcel. One homestead. One exemption.

The Trustee's position — that a second structure on the same parcel can be severed and sold separately — has no basis in law. The parcel cannot be subdivided without County approval. The Trustee has presented no evidence of subdivision, no lot split, no separate APN, and no legal authority for the proposition that a single parcel can be bifurcated by a bankruptcy trustee for the purpose of liquidating improvements while leaving the land. The land and the improvements are one. The law treats them as one.

## II. THE FRESH START POLICY — THE BANKRUPTCY COURT CANNOT SELL A PRIMARY RESIDENCE TO SATISFY CREDITORS

The United States Supreme Court stated the fresh start principle in Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934): "One of the primary purposes of the Bankruptcy Act is to give the debtor a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." The Court did not qualify this statement. It did not say "except when creditors stand to benefit." It did not say "except when the property has more than one structure." It stated the principle as the primary purpose of the Act.

The Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549, codified the fresh start principle. Section 522 provides for exemptions that the debtor may claim. Under § 522(l), "the debtor shall file a list of property that the debtor claims as exempt." The trustee has 30 days after the meeting of creditors to object. If no objection is filed within 30 days, the exemption is final. Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992). The Supreme Court was

unambiguous: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644.

I claimed the homestead exemption on my schedules. The Trustee had 30 days to object. If the Trustee did not timely object, the exemption is final. A final exemption cannot be undone. The property is exempt. Exempt property cannot be sold by the trustee to satisfy creditors. It is withdrawn from the estate. It is mine.

Even if the Trustee did object, the objection must be sustained on the merits. The homestead exemption protects the debtor's primary residence. I live at 704 Fairview Avenue. I have lived there since 1993. It is my primary residence. It is my homestead. The exemption applies.

The fresh start policy is not subject to balancing against creditor interests. The Supreme Court in Grogan v. Garner, 498 U.S. 279, 286 (1991), stated that "the statutory right to a discharge should be construed to effectuate the fresh start goal of the bankruptcy discharge." The fresh start is the goal. Everything else is subordinate. The Court's inclination to allow the sale of my primary residence to satisfy creditors who have not proven standing is a direct violation of the fresh start principle. It is not a matter of discretion. It is a matter of law.

Under § 522(c), property exempted under § 522 "is not liable during or after the case for any debt." Not liable. Not for any debt. Not during the case. Not after the case. The statutory language admits no exception. The exempt property is off-limits. The Trustee cannot sell it. The Court cannot order it sold. No creditor can reach it.

The Trustee's suggestion that a second structure on the Property can be sold separately to benefit creditors is a direct assault on § 522(c). If the Property is exempt, every part of it is exempt. The

land. The primary dwelling. The secondary structure. All of it. The exemption does not divide. It does not apportion. It protects the debtor's interest in the entirety of the homestead.

## III. STANDING — THE CREDITORS NEVER PROVED IT AND THE BURDEN IS THEIRS

Standing is the threshold requirement for any party invoking the jurisdiction of a federal court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The party asserting the claim bears the burden of establishing standing. Id. at 561. The elements are: (1) injury in fact, (2) causation, and (3) redressability. Without all three, there is no standing. Without standing, there is no case or controversy under Article III. Without a case or controversy, there is no federal jurisdiction.

I challenged the standing of the creditor on the record. I filed objections. I raised the chain of title defects. I raised the 1099-C discharge. I raised the derecognition of the note. I raised the inclearings satisfaction. I raised the absence of the original note. Each of these challenges goes directly to standing. A party that does not hold the note does not have standing to enforce it. A party that reported the debt discharged to the IRS does not have standing to collect it. A party that derecognized the asset on its books does not have standing to treat it as an asset in litigation.

When a debtor challenges a creditor's standing in bankruptcy, the burden shifts. The creditor must prove it holds the right to enforce the instrument. In re Veal, 450 B.R. 897, 915 (B.A.P. 9th Cir. 2011). The proof of claim does not carry prima facie validity when the debtor has rebutted the presumption with substantial evidence. Id. The evidence I submitted — the 1099-C forms, the chain of title gaps, the derecognition analysis, the inclearings documentation — is substantial evidence. The presumption of validity is rebutted. The burden is on the creditor.

Shellpoint's proof of claim states on its face that Shellpoint "services the underlying mortgage loan and note." A servicer does not hold the note. A servicer is not the real party in interest. A servicer acts as agent for the holder. If the holder has not been identified, and the holder's authority has not been established, and the chain of assignments connecting the holder to the originating lender has not been produced, there is no standing.

The note bears a single endorsement: a blank endorsement from Chase. A blank endorsement makes the instrument payable to bearer. But it does not establish who the bearer is. It does not establish possession of the original. It does not establish that the party filing the proof of claim is the person entitled to enforce. Under California Commercial Code § 3301, the person entitled to enforce an instrument is the holder, a nonholder in possession with holder rights, or a person entitled to enforce under § 3309 or § 3418(d). Shellpoint has established none of these.

Standing is jurisdictional. It cannot be waived. It cannot be presumed. It must be proven. The creditors have not proven it. The Court cannot fill the gap with its own speculation. A proof of claim without standing is a nullity.

## IV. THE 1099-C DISCHARGE — CHASE TOLD THE IRS THE DEBT WAS CANCELED

Chase filed IRS Form 1099-C under Code F for both the First Mortgage ($414,614.00) and the HELOC ($200,000.00). The identifiable event date is August 1, 2022. Code F means "a discharge of indebtedness pursuant to an agreement between the creditor and the debtor to discharge indebtedness for less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(i)(F).

Chase reported the discharge to the IRS as a sworn filing. This is a representation by a federally regulated financial institution to the United States government. It is prima facie evidence that the debt was discharged. FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013).

The amount Chase reported as discharged on the First Mortgage — $414,614.00 — is identical to the original principal of the note. Chase did not report a partial discharge. Chase reported full discharge. The full amount. All of it.

The assignment of the Deed of Trust from Chase to Shellpoint was recorded January 16, 2024 — sixteen months after the identifiable event date. If the debt was discharged August 1, 2022, what rights did Chase assign in January 2024? The answer under California law is: none. An assignee takes subject to all defenses the obligor has against the assignor. Sunburst Bank v. Executive Life Ins. Co., 38 Cal. App. 4th 310, 318 (1995). The defense of discharge is a complete defense. Shellpoint acquired whatever Chase had. If Chase had nothing, Shellpoint acquired nothing.

This is not an argument. It is a factual record. Chase's own filing with the IRS. The filing is in my possession. It is Exhibit 1 and Exhibit 2 to my Amended Objection. The Court cannot ignore a party's own admission to a federal agency. The Court cannot presume the continued validity of a debt that the originating lender told the IRS it discharged by agreement. That is not a rebuttable presumption. That is an irrebuttable fact.

The Court's Order does not address the 1099-C forms. It does not explain how a debt that Chase reported as discharged can simultaneously be the subject of a proof of claim by Chase's assignee. The silence is a legal error. A court must address dispositive evidence. Ignoring it is not a ruling on the merits. It is a failure to rule.

## V. DERECOGNITION UNDER ASC 860 — THE NOTE IS GONE FROM THE BOOKS

Under ASC 860-10-40-5, a transfer of financial assets is accounted for as a sale when the transferor surrenders control. The conditions: the assets are isolated from the transferor, the transferee has the right to pledge or exchange them, and the transferor does not maintain effective control. When these conditions are met, the assets are derecognized. They are removed from the transferor's balance sheet. They are gone.

Residential mortgage loans are routinely transferred into securitization trusts. The originating lender derecognizes the note. The note becomes a trust asset. The trust issues securities to investors. The investors' rights are governed by the Pooling and Servicing Agreement.

The entity that derecognized the note cannot simultaneously enforce it. A party cannot tell its regulators, auditors, and investors that it transferred the asset and surrendered control while telling a bankruptcy court that it retains enforcement rights. The two positions are legally incompatible. They cannot both be true.

The FASB confirmed this in ASU 2014-11, codified at ASC 860-10-40-24A. The Board stated that "the transferor retains exposure to the transferred financial assets and obtains important benefits of those assets throughout the term of the transaction." If the transferor retained exposure and benefits, the transaction must be accounted for as a secured borrowing — not a sale. If it was accounted for as a sale, the transferor must have surrendered control. If control was surrendered, enforcement rights were surrendered.

Shellpoint has not identified any securitization trust. It has not produced the PSA. It has not shown any chain of endorsements to any trust. It has not established that the note was transferred in compliance with the trust's governing documents. Until Shellpoint produces this evidence, the

question of who holds enforcement rights is unresolved. An unresolved question of standing is fatal to the claim.

This is not a theory. It is the accounting standard that governs every financial institution in the United States. The Court cannot presume that the entity filing the proof of claim has standing when the governing accounting standard indicates the note was transferred, derecognized, and placed beyond the reach of the transferor.

## VI. THE INCLEARINGS SATISFACTION — THE NOTE PAID ITSELF AT PAR

Under the Federal Reserve Act of 1913, 38 Stat. 251, Section 16, the note is received at par. Chase presented the note for inclearings through the Federal Reserve system. Chase received the credit. The credit equaled the face value. The note was the asset. The inclearings credit was the value. The obligation was extinguished by operation of the clearing system.

The Federal Reserve's Check Services Basic Check Workflows document this process. In Bruce v. Pentagon Federal Credit Union, Case No. 2:22-cv-02211-BHH-MGB (D.S.C.), the defendant bank admitted that this is the standard practice and procedure of all commercial banking institutions. The bank admitted it on the record. There is no factual dispute about whether this process exists. The bank admitted it does.

My instrument financed the transaction. Chase monetized my signature. The continued demand for repayment is a demand for double payment. The note is the source of the funds. I am the source of the note. I am the creditor — not the debtor.

This is not a legal theory. It is the operational reality of the Federal Reserve clearing system. The Court cannot ignore the mechanism by which money is created in the United States banking

system. The Court cannot treat the transaction as a simple loan when the governing statutes and regulations treat it as a monetization event.

## VII. BONA FIDE DISPUTES OF MATERIAL FACT — EVIDENTIARY HEARING IS MANDATORY

When a debtor raises bona fide disputes of material fact, an evidentiary hearing is mandatory as a matter of right. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure do not permit a court to resolve disputed factual issues on the papers. Due process requires a hearing. The opportunity to be heard is the irreducible minimum of procedural due process.

The following disputes of material fact exist on the record. Each is genuine. Each requires testimony, cross-examination, and the production of evidence:

| # | Disputed Fact | Evidence Requiring Hearing |
|---|---|---|
| 1 | Whether Chase discharged the debt by agreement on August 1, 2022. | Chase's IRS Forms 1099-C (Code F) for both accounts. Testimony from Chase's records custodian regarding the agreement underlying the Code F filing. Cross-examination on why Chase told the IRS the debt was discharged. |
| 2 | Whether Shellpoint (or any trust for which it services) holds the original promissory note. | Production of the original note. Testimony from the custodian of records establishing the chain of custody and possession. |
| 3 | Whether the note was securitized and derecognized under ASC 860. | The PSA, MLPA, trust filings, and accounting records of the originating lender and each transferee. |
| 4 | Whether Chase received inclearings credit for the note at par. | Chase's Federal Reserve account records. The Check 21 image and processing record. Testimony from Chase or Federal Reserve personnel. |

| # | Disputed Fact | Evidence Requiring Hearing |
|---|---|---|
| 5 | Whether the 2003 GMAC Deed of Trust was reconveyed. | Recorded reconveyance or testimony explaining its absence from the chain of title. |
| 6 | Whether the interest rate on Form 410-A (3.875%) is correct given the note states 5.125%. | The modification agreement or testimony explaining the discrepancy. |
| 7 | Whether the Property is a single parcel or can be bifurcated. | County Assessor records. Testimony from the Assessor's office. Survey evidence. |
| 8 | Whether the Trustee timely objected to my homestead exemption. | The Trustee's objection, if any. The date of the § 341 meeting. The 30-day clock. |

Each of these disputes is material. Each is bona fide. Each is supported by documentary evidence already on the record. None can be resolved by a judge reading papers. Each requires an evidentiary hearing with live testimony under oath, subject to cross-examination.

The Court's Order denying my objection without an evidentiary hearing violates due process. I have a property right in the Property. I have a property right in the exemption. I have a right to be heard before those rights are taken. A paper ruling is not a hearing. The opportunity to file briefs is not the opportunity to confront witnesses and present evidence. Due process requires more.

Under Bankruptcy Rule 9014, contested matters are governed by the procedures applicable to adversary proceedings. Under Rule 9014(d), "testimony of witnesses shall be taken in the same manner as in an adversary proceeding." Under Rule 7016, incorporating Fed. R. Civ. P. 16, the court shall hold a pretrial conference. Under Rule 7028, incorporating Fed. R. Civ. P. 28,

depositions may be taken. Under Rule 7030, incorporating Fed. R. Civ. P. 30, oral depositions are permitted. The rules contemplate discovery, testimony, and an evidentiary process — not summary disposition on the papers.

## VIII. POINT-BY-POINT IRREBUTTABLE REFUTAL OF THE COURT'S STATED PRESUMPTIONS

***Presumption 1: "Debtor's objections lack sufficient citation to any authority."***

This is factually incorrect. My Amended Objection (Dkt. 158) cited: the Bankruptcy Reform Act of 1978, Pub. L. 95-598; Fed. R. Bankr. P. 3001(c)(2), 3001(f), 3007, and 9014; the Check 21 Act, Pub. L. 108-100; the Federal Reserve Act of 1913, 38 Stat. 251; the Emergency Banking Relief Act of 1933, 48 Stat. 1; the Tax Reform Act of 1986, Pub. L. 99-514; California Commercial Code § 9210, § 9625, and § 3301; California Civil Code § 2941; ASC 860; 26 C.F.R. § 1.6050P-1; FDIC v. Cashion, 720 F.3d 169; In re Veal, 450 B.R. 897; Stern v. Marshall, 564 U.S. 462; Taylor v. Freeland & Kronz, 503 U.S. 638; Grogan v. Garner, 498 U.S. 279; Local Loan Co. v. Hunt, 292 U.S. 234; Lujan v. Defenders of Wildlife, 504 U.S. 555; Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63; Sunburst Bank v. Executive Life Ins. Co., 38 Cal. App. 4th 310; and New Hampshire v. Maine, 532 U.S. 742.

That is more than 20 separate authorities — Acts of Congress, Statutes at Large, the Code of Federal Regulations, the Accounting Standards Codification, state statutes, federal appellate decisions, and United States Supreme Court decisions. The Court's statement that the objections lack "sufficient citation" is demonstrably wrong. The citations are present in the record. They are numerous. They are specific.

***Presumption 2: "Debtor's objections are unpersuasive."***

Persuasiveness is not the standard. Standing is jurisdictional. A party without standing cannot be found persuasive because the court has no power to hear them — or to rule against them. The question is not whether I have persuaded the Court. The question is whether the creditor has established standing. It has not. The 1099-C discharge. The derecognition. The inclearings satisfaction. The chain of title defects. The absence of the original note. The failure to identify the holder. Each of these independently defeats standing. Persuasiveness is irrelevant when standing is absent.

***Presumption 3: "The Court ordered Claimant to file a more comprehensive accounting" — implying the accounting satisfied the demand.***

The amended proof of claim (POC 3-2) contains a payment history. A payment history is not an authenticated accounting under California Commercial Code § 9210. Section 9210 requires a signed record. Section 9102(a)(7) defines "authenticate" as "to sign." The amended POC is not signed. It was filed electronically by counsel. It does not bear the signature of an authorized representative of the secured party with the present intent to adopt it as an accounting.

Furthermore, the payment history does not address: the inclearings accounting; the 1099-C discharge; the derecognition of the note; the DACA multiplication; the securitization; the REMIC structure; the PSA; the chain of endorsements; or the identity of the present holder. A payment history that omits the fundamental question of who is entitled to receive payment does not satisfy § 9210. It sidesteps it.

***Presumption 4: The Trustee may sell the second structure to satisfy creditors.***

The Property is one parcel with one APN. My homestead exemption covers the entire parcel. The Trustee cannot subdivide it. The Trustee cannot sell a portion of it. If the exemption is valid and

final, the entire Property is withdrawn from the estate. § 522(c) states that exempt property "is not liable during or after the case for any debt." That is the end of the inquiry.

***Presumption 5: No evidentiary hearing is required.***

This is the most dangerous error in the Order. When a party raises bona fide disputes of material fact, and those disputes are supported by documentary evidence, an evidentiary hearing is mandatory — not discretionary. Due process requires it. The Bankruptcy Rules require it. The Constitution requires it. A court cannot resolve disputed facts on the papers when a party's property rights are at stake. The Seventh Amendment guarantees the right to trial by jury in suits at common law where the value in controversy exceeds twenty dollars. The right to be heard is fundamental. It cannot be denied by summary order.

## IX. THE TRUSTEE'S CHALLENGE TO MY EXEMPTION — FRESH START IS THE ULTIMATE EXEMPTION

The Trustee has challenged my homestead exemption — or is threatening to challenge it — by arguing that the second structure on the Property can be sold to satisfy creditors. This challenge fails for multiple independent reasons.

**First: The 30-day deadline.** Under § 522(l) and Fed. R. Bankr. P. 4003(b), the trustee must object to a claimed exemption within 30 days after the meeting of creditors or within 30 days after any amendment to the schedules. If the Trustee did not file a timely objection, the exemption is final. Taylor v. Freeland & Kronz, 503 U.S. 638 — the Supreme Court held that a trustee who fails to object within the 30-day period cannot contest the exemption, "whether or not the debtor had a colorable statutory basis for claiming it." Id. at 644. The deadline is absolute. No exceptions. No equitable tolling. No second chances.

**Second: The homestead exemption protects the entire parcel.** California's homestead exemption, CCP § 704.730, protects the debtor's interest in the homestead. It does not limit protection to one structure. It does not allow the trustee to carve out improvements and sell them separately. It protects the dwelling and the land on which it sits. If the Property is a single parcel, the exemption applies to the whole parcel.

**Third: The fresh start policy is the purpose of the bankruptcy system.** The Supreme Court in Marrama v. Citizens Bank, 549 U.S. 365, 367 (2007), stated that the Bankruptcy Code's provisions "are designed to provide a debtor with a fresh start." The fresh start is not a procedural detail. It is the animating purpose of the entire statutory scheme. A court that subordinates the fresh start to creditor interests has inverted the statutory hierarchy. Creditor interests are secondary. The debtor's fresh start is primary.

**Fourth: The creditors have not proven standing.** Before the Trustee can sell any asset of the estate to satisfy a creditor, the creditor must establish its right to payment. A creditor without standing has no claim. A creditor whose debt was discharged has no claim. A creditor who cannot produce the original note has no claim. The Trustee cannot sell my exempt property to satisfy a claim that does not exist. The Trustee's duty is to the estate, not to creditors who have not proven their entitlement to payment.

**Fifth: The fresh start overrides the Trustee's liquidation mandate.** The Trustee's duty under § 704 is to "collect and reduce to money the property of the estate." But exempt property is not property of the estate. It is property of the debtor. Once the exemption is final, the Trustee has no authority over exempt property. The Trustee cannot sell what the Trustee does not control. The Trustee cannot liquidate what the law protects.

## X. PRAYER FOR RELIEF

I request that this Court enter an order:

1. **Vacating the Order Denying Objection to Proof of Claim No. 3-1** (Dkt. 174) on the grounds that the Order was entered without jurisdiction over a party that has not proven standing, without an evidentiary hearing on disputed material facts, and in violation of the fresh start policy of the Bankruptcy Code.

2. **Scheduling an evidentiary hearing** on all disputed material facts identified in Section VII above, with live testimony, cross-examination, and the production of original documents.

3. **Finding that the creditors have not established standing** to assert Proof of Claim No. 3-1 or 3-2, and disallowing the claims in their entirety.

4. **Finding that the 2003 GMAC Deed of Trust** (Instrument No. 08-1560558) has never been reconveyed, and that the 2011 Chase Deed of Trust (Instrument No. 20110315105) cannot constitute a valid first-lien security interest until the prior encumbrance is satisfied and released of record.

5. **Finding that Chase's IRS Forms 1099-C** reporting discharge of $414,614.00 and $200,000.00 as of August 1, 2022 under Code F constitute prima facie evidence of discharge under FDIC v. Cashion, and that neither Chase nor Shellpoint has rebutted this presumption.

6. **Finding that my homestead exemption is final** and that the Property at 704 Fairview Avenue is exempt from the estate under § 522(c), and that the Trustee has no authority to sell, encumber, or otherwise dispose of any portion of the Property.

7. **Finding that the Property is a single parcel** under APN 5315-010-038, that the presence of two structures does not create two separate properties, and that the Trustee cannot bifurcate a single parcel for the purpose of liquidating improvements.

8. **Finding that the fresh start policy** under the Bankruptcy Reform Act of 1978, Local Loan Co. v. Hunt, and related authorities prohibits the forced sale of a primary residence to satisfy creditor claims where the creditors have not proven standing and the debt has been discharged.

9. **Enjoining the Trustee** from taking any action to sell, list, market, appraise, or otherwise dispose of any portion of the Property pending resolution of the disputed issues of material fact at an evidentiary hearing.

10. **Granting such other and further relief** as is just and warranted.

## XI. VERIFICATION

I, Tammie LaRae Bowser, declare that I have read the foregoing Irrebuttable Refutal and know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters I believe them to be true.

Executed this 13th day of July, 2026, at South Pasadena, California.

Tammie LaRae Bowser

PO Box 3583 | South Pasadena, California 91030

## XII. CERTIFICATE OF SERVICE

I, Angela Joyner, am over 18 years of age and am not a party to this action. On July 13, 2026, I served a true and complete copy of the foregoing OBJECTION TO PROOF OF CLAIM NO 4-1 upon the following parties by USPS Mail postage prepaid:

| **Party** | **Address** | **Method** |
|---|---|---|
| ZBS LAW, LLP<br>Nichole L. Glowin, Esq.<br>Foreclosure Trustee /Atty for Shellpoint/Atty for Federal Home Loan Mortgage Corporation | 30 Corporate Park, Suite 450 Irvine, CA 92606 | USPS Mail |
| Nemovi Law Group, APC<br>Genail M. Nemovi, Esq.<br>Attorney for Chase | 2173 Salk Ave.,<br>Suite 250<br>Carlsbad, CA 92008 | USPS Mail |
| Toan B. Chung, Esq. - John P. Pringle Chapter 7 Trustee<br>Roquemore, Pringle & Moore | 13300 Crossroads Pkwy North Suite 185, City of Industry, CA 91746 | USPS Mail |
| U.S. Trustee — Region 16 | 915 Wilshire Blvd., Suite 1850 Los Angeles, CA 90017 | USPS Mail |

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: July 13, 2026 at South Pasadena, California.

______________________________

**ANGELA JOYNER**

1101 Magnolia Street | South Pasadena, California 91030