FILED & ENTERED

AUG 19 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Tammie Larae Bowser,<br><br>Debtor. | Case No.: 2:25-bk-21068-NB<br><br>Chapter: 7<br><br>Adv. No.: 2:26-ap-01195-NB |
| Tammie Larae Bowser,<br><br>Plaintiff,<br><br>v.<br>Mortgage Electronic Registration Systems; Newrez LLC; JP Morgan Chase Bank, N.A.; Federal Home Loan Mortgage Corporation; and Does 1 through 100 inclusive,<br><br>Defendants. | ☒ File in Bankr. Case No.: 2:25-bk-21068-NB<br><br>☐ File in Adv. No.: 2:26-ap-01195-NB<br><br><u>OSC Hearing</u>:<br>Date: July 28, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

## ORDER IMPOSING REMEDIES FOR VIOLATIONS OF RULE 9011(b) BY TAMMIE LARAE BOWSER

//

At the time and place set forth above, this Court conducted an evidentiary hearing on its "Order [(A)] Directing Tammie Larae Bowser to Appear in Person to Testify Regarding Apparent Violation of Rule 9011(b), and Meanwhile (B) Granting Extensions of Time for Other Parties to Respond to Any Papers Filed By That Litigant" (bankr. dkt. 180, the "OSC"). At that hearing, this Court took testimony from Tammie Larae Bowser ("Tammie Bowser").

After hearing Tammie Bowser's testimony, this Court finds and concludes that:

(1) Certain legal contentions made by Tammie Bowser were "not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law," (Rule 9011(b)(2)); *see* Complaint (Adv. No. 2:26-ap-01195-NB, adv. dkt. 1), p. 100 (middle of page, 3d full para., 3d sentence, emphasis added); Complaint (Adv. No. 2:26-ap-01195-NB, adv. dkt. 1), p. 113 (PDF p. 201) ("*Plaintiff is a bank, not a consumer*.") (title of section, emphasis altered); Obj. to POC 4-1 (bankr. dkt. 193) p. 6-7 & 9 (arguing that it was improper for claimant's attorney to sign proof of claim because an attorney acting as counsel for a claimant cannot sign a proof of claim on behalf of a client).

(2) Certain "allegations and factual contentions" made by Tammie Bowser did not have admissible evidentiary support – nor were they "specifically" identified as being "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" (Rule 9011(b)(3)); *see* Debtor's Motion for Sanctions (bankr. dkt. 167), p, 5-12 (falsely alleging that declaration of Phyllis Garnett states that certain assignment was *recorded*"); *compare w.* Garnett Decl. attached to Opp. (bankr. dkt. 110) p. 4 (PDF p. 20) at para. 12 (merely testifying that deed of trust was assigned, not recorded).

As set forth in the OSC, artificial intelligence, forms available on the internet, and other tools have made it very easy for persons to file great volumes of paper raising numerous arguments that, however frivolous, would take vast amounts of time for

parties and this Court to address. In this Court's view, when parties who appear to be abusing the system have been warned repeatedly, it is not necessary or appropriate for parties or this Court to have to spend the time to address each and every apparently meritless legal or factual assertion or denial. Rather, it is appropriate as a matter of case management to grant extensions of time for parties to respond, unless and until the parties who have shown a pattern of abusing the bankruptcy system show that they have changed their ways and are complying with Rule 9011(b).

Based on the foregoing, and the reasons set forth in this Court's tentative ruling posted prior to the hearing and attached hereto as **Exhibit A**, the reasons set forth in the OSC (bankr. dkt. 180), and the reasons stated on the record (incorporated herein as permitted by Rule 52(a) (Fed. R. Civ. P.), made applicable by Rules 7052 and 9014(c) (Fed. R. Bankr. P.)), it is hereby FOUND, CONCLUDED, AND ORDERED that:

1) Violation by Tammie Larae Bowser of Rule 9011. Tammie Bowser has prepared for filing multiple papers that violate Rule 9011(b) (Fed. R. Bankr. P.), including without limitation the papers filed at bankr. dkt. nos. 88, 100, 109, 115, 120, 128, 142, 143, 158, 166 and 167 and Adv. No. 2:26-ap-01195-NB, adv. dkt. 1.

2) Denial of certain pending requests for relief. Because of the burden on this Court and parties of responding to every paper filed by Tammie Bowser, and because of the difficulty of discerning the numerous different issues and requests for relief that were made in the papers filed by Tammie Bowser, this Court finds and concludes that it is appropriate to issue separate orders denying requests for relief by Tammie Bowser through bankr. dkt. 192-194 and Adv. No. 2:26-ap-01195-NB, adv. dkt. 1. The denial effectuated by this ordering paragraph "2)" applies regardless of whether the papers are in the form of a motion, an opposition to a request for relief made by another party, or any other form.

3) Blanket extension of time to respond to any future requests for relief. To reduce the burden and expense upon other parties in interest (as explained in greater detail above and in the OSC), to the extent that in future (*i.e.,* subsequent to the time when bankr. dkt. 194 was filed) Tammie Bowser presents any additional papers (by filing or serving them in the bankruptcy case-in-chief, in Adv. No. 2:26-ap-01195-NB, or in any future adversary proceeding, or presenting them without filing them, as with discovery requests), all parties in interest are granted an automatic extension of time to respond to such papers. That extension is not a sanction, but simply a case management tool to assess first whether papers presented by Tammie Bowser comply with Rule 9011(b) before setting any deadline for any response. This extension will remain in effect until Tammie Bowser appears at the hearing associated with such papers and persuasively testifies that (a) she acknowledges her prior violations of Rule 9011(b), (b) she has committed herself to not continuing such violations, and has made reasonable efforts to avoid such violations, including due diligence in (i) carefully reading any legal authorities she cites, and checking for whether those authorities are relevant, not overruled, and otherwise good legal authority, (ii) carefully assessing the evidence she cites, including whether that evidence is relevant to issues properly before this Court, and (c) carefully determining that such future papers do in fact comply with Rule 9011(b).

4) Possible additional remedies. Tammie Bowser is cautioned that if she continues to present papers that violate Rule 9011(b), this Court may impose additional remedies.

//

5) Duplicative orders. To assure notice to anyone reviewing any of the dockets associated with this case, this Court is issuing this order in identical form in this bankruptcy case-in-chief and in Adv. No. 2:26-ap-01195-NB.

###

Date: August 19, 2026

Neil W. Bason
United States Bankruptcy Judge

# Exhibit A – Tentative Ruling

Appearances required. The tentative ruling, subject to Debtor's testimony and any other evidence and arguments at this hearing, is to issue an order granting a general, temporary extension of time for all parties in interest to respond to *any future papers presented by Debtor*, and to deny Debtor's latest requests for relief (dkt. 192-94), all for the reasons set forth below and in the order setting this hearing (dkt. 180, the "OSC"). After the hearing this *Court will prepare an appropriate order*.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Analysis:
(1) Background

The background is set forth in the OSC (dkt. 180). "This Court has issued multiple orders explaining the defects in Debtor's Papers and emphasizing that Debtor is responsible for doing her own due diligence, including verifying the accuracy of legal citations and providing accurate citations to specific evidence." OSC (dkt. 180) p. 2:15-18. The OSC specifically cites and quotes from prior orders. *See id.* pp. 2:19-3:18 (referencing Orders at dkt. 144, 156, 167, 169, 174).

(2) Debtor's papers make frivolous and unpersuasive arguments

This Court takes judicial notice that Debtor's apparent violations of Rule 9011(b) have not abated. After this Court issued the OSC, Debtor filed an additional roughly 324 pages of mostly arguments (and some exhibits), including the following. *See* dkt. 192-94.

Debtor has filed a Complaint commencing an adversary proceeding in which she argues that "*Plaintiff is a bank*." *See* Complaint (Adv. No. 2:26-ap-01195-NB, adv. dkt. 1), p.100 (middle of page, 3d full para., 3d sentence, emphasis added). Later she includes a page and a half reiterating why, in her view, "*Plaintiff is a bank, not a consumer*." *Id.* p. 113 (PDF p. 201) (title of section, emphasis altered). These arguments are frivolous.

Debtor's other claims and arguments in all of her latest papers are similarly frivolous and unpersuasive. Debtors past and current papers appear on their face to violate Rule 9011(b).

(3) The tentative ruling is to grant a general, temporary extension of time for all parties in interest to respond to any future papers presented by Debtor

The tentative ruling is that nobody should have to wade through pages and pages of nonsensical arguments to attempt to discern whether Debtor might have any legitimate claims. This Court has done so in the past, but the tentative ruling is that in future the burden should be on Debtor to do her own due diligence, and that burden should not be shifted to other parties or this Court.

Specifically, based on Debtor's pattern of filing papers that appear on their face to violate Rule 9011(b), the tentative ruling is to adopt one of the possible remedies previously noted in the OSC, namely:

> granting a general, temporary extension of time for parties in interest to respond to *future* papers [presented] by Litigant [*i.e.,* Debtor], until this Court can determine, at whatever hearing is associated with those future papers, whether any such future papers [presented] by Litigant are a continuation of any demonstrated pattern of violating Rule 9011(b) (provided that any such extension would only apply to matters for which extensions are permitted under Rule 9006(b) or other applicable Rules). At any such future hearing, Litigant would be required to testify regarding (A) whether Litigant has recognized their past violations of Rule 9011(b) and (B) whether Litigant has conducted the due diligence required by Rule 9011(b) as to such future papers. [OSC (dkt. 180) pp. 9:18-10:2.]

(4) <u>Deny Debtor's pending requests for relief without further proceedings</u>

This Court has waded through the 324 pages - mostly argument - that Debtor filed after issuance of the OSC. *See* dkt. 192-94. Those papers include (i) the above-referenced Complaint, (ii) an objection to proof of claim ("POC") number 4-1 (dkt. 193), and (iii) an "Irrebuttable Refutal to the Court's Order Denying Objection to Proof of Claim No. 3-1 and Challenge to Trustee's Attempt to Sell Homestead Property ..." (dkt. 194).

This Court cannot discern a single plausible claim in any of those 324 pages. They are all frivolous and unpersuasive.

The tentative ruling is that it would be inappropriate to require other parties to file briefs responding to Debtor's arguments. Accordingly, all of Debtor's current requests for relief should be summarily denied without further briefing, hearings, or other proceedings.

(5) <u>No leave to amend</u>

Debtor is direct to address at this hearing whether she should be granted leave to amend her Complaint, her claim objection, or any of her other papers. The tentative ruling is that no such leave is warranted, because in the past when this Court has freely granted Debtor leave to file amended papers she has continued to file frivolous papers, and this Court is unaware of any potentially plausible claims that Debtor is proposing to advance. Debtor is invited to address this issue at this hearing.

In sum, the tentative ruling is to deny any relief requested by Debtor in any of her latest papers (dkt. 192-94), without leave to amend. <u>*This Court will prepare appropriate orders*</u> after this hearing.

(6) <u>Possible additional remedies</u>

As noted in the OSC, monetary sanctions are unlikely to be effective against anyone who is "judgment proof." OSC (dkt. 180) p. 5:7. Other remedies also are likely to be ineffective or impractical. See id. p. 5:1-26. Nevertheless, the tentative ruling is that this Court will reserve jurisdiction to impose any additional or different remedies in future based on Debtor's past papers and any future papers.